```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Sharel L. Giroux**

    **v.**                                          Case No. 14-cv-58-PB
                                                                           Opinion No. 2014 DNH 135

**Federal National Mortgage**
**Association, et al.**


**MEMORANDUM AND ORDER**


Sharel Giroux has filed suit against the Federal National Mortgage Association ("Fannie Mae") and MERSCORP Holdings, Inc. She seeks (1) a declaratory judgment that Fannie Mae does not hold rights in her mortgage or promissory note; (2) a permanent injunction barring Fannie Mae from enforcing the note; and (3) further discovery from MERSCORP. Both defendants move to dismiss on res judicata grounds.


                                    **I.    BACKGROUND**

In January 2007, Giroux signed a promissory note with American Home Mortgage Corporation ("AHMC"). The note was secured by a mortgage on her home held by Mortgage Electronic

1

Registrations Systems, Inc. ("MERS") as nominee for AHMC.  On November 19, 2008, MERS assigned the mortgage to Fannie Mae.  The written assignment purported to transfer both the note and the mortgage.  Doc. No. 5-3.  Bank of America and BAC Home Loans allegedly serviced the mortgage for Fannie Mae.

On August 30, 2011, Giroux sought a declaratory judgment in Belknap County Superior Court that Fannie Mae, Bank of America, BAC Home Loans, and MERS all lacked authority to enforce the note.  She also sought a permanent injunction against all parties attempting to enforce the note.  Among other things, Giroux argued that "Ms[.] Giroux is unaware of contract or agency by which AHMC appointed or authorized MERS to be Giroux Mortgage mortgagee as AHMC's nominee."  Doc. No. 5-4.

On November 15, 2012, the superior court dismissed all defendants save Fannie Mae.  Doc. No. 5-6.  On December 7, 2012, the court dismissed Fannie Mae, the purported holder of the note.  Doc. No. 5-7.  On October 10, 2013, the Supreme Court affirmed both decisions.

Giroux subsequently received notice of a foreclosure sale scheduled for January 7, 2014.  On January 6, 2014, she filed this complaint and a motion for a temporary restraining order and preliminary injunction against Fannie Mae in Merrimack County Superior Court.  The complaint alleges that the mortgage

Fannie Mae is seeking to foreclose is invalid because AHMC lacked a sufficient relationship with MERS to permit MERS to serve as its nominee when the mortgage was issued.  After a hearing on January 14, the court cited Giroux's "previous opportunities to litigate issues arising from the respondents' attempts to foreclose on the mortgage" in denying her motion for injunctive relief.  Doc. No. 5-10.  On February 5, 2014, the defendants removed the case to this court.

## II.  STANDARD OF REVIEW

I analyze the government's motion under the familiar standard that governs motions to dismiss for failure to state a claim.  Under this standard, a plaintiff must present factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Res judicata is an affirmative defense that can serve as the basis for a motion to dismiss but "dismissal can occur only when facts that 'conclusively establish the affirmative defense' are 'definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, or other matters of which the court may take judicial notice,' including the records of prior

3

judicial proceedings." Sutliffe v. Epping Sch. Dist., 2008 DNH 076, 3-4 (quoting Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 15-16 (1st Cir. 2003)).

### III.  ANALYSIS

Fannie Mae argues that Giroux's current claims are barred by res judicata.  Res judicata precludes litigation "in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action."  Sleeper v. Hoban Family P'ship, 157 N.H. 530, 533 (2008).  For the doctrine to apply, "(1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action."  Id. (citing Meier v. Town of Littleton, 154 N.H. 340, 342 (2006)).  The New Hampshire Supreme Court has held that the "same cause of action requirement" encompasses "all theories on which relief could be claimed on the basis of the factual transaction in question."  Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 694 (2011) (quoting E. Marine Constr. Corp. v. First S. Leasing, Ltd., 129 N.H. 270, 275 (1987)).

Giroux does not challenge either Fannie Mae's contention that the parties in both actions are the same or its claim that both cases arise from the same factual transaction. It is also quite clear that the prior action went to a final judgment.[1] Accordingly, the only issue that merits extended discussion is Giroux's contention that res judicata does not apply because New Hampshire's venue law barred her from litigating her challenge to the mortgage in Belknap County.

Giroux bases her argument on the fact that New Hampshire courts treat "local actions" differently than "transitory actions" for venue purposes. Local actions are defined at common law as actions "aris[ing] out of a local subject," including "whatever is founded upon privity of estate," whereas transitory actions are "personal actions which might have arisen in any county," including "actions in . . . contract." The Educ. Soc'y of the Denomination Called Christians v. Varney, 54

---

[1] Giroux argues that the final judgment requirement was not satisfied because she never challenged the mortgage in the prior action. As a result, she argues, res judicata does not apply because there was no final judgment entered with respect to her mortgage claims. This argument is based on a mistaken understanding of the final judgment requirement, which applies to the action brought rather than the specific claims that were litigated in the prior action. This must be so because res judicata could otherwise never be used to bar claims that were not litigated but that could have been litigated in the prior action.

5

N.H. 376, 377-78 (1847). Local actions involving property ordinarily must be commenced in the county where the property is located whereas transitory actions may be brought in any county where either party resides. N.H. Rev. Stat. Ann. § 507:9. Relying on this distinction, Giroux claims that her challenges to the note were transitory claims that were properly brought in Belknap County where one of the named defendants was located, but her mortgage claims are local claims that can only be brought in Merrimack County, where the property is located. Accordingly, she argues that her challenges to the mortgage cannot be barred by res judicata because she could not have raised them in the Belknap County action.

I question the premise that underlies Giroux's argument.[2] However, even if her underlying premise is correct, she cannot escape the effect of res judicata by splitting her claims and attempting to litigate some of them in Belknap County while

---

[2] A claim challenging a mortgage is both a local claim and a transitory claim because it can be founded either on privity of estate or privity of contract. See Holyoke v. Clark, 54 N.H. 578, 579 (1974). Although an action to enjoin a foreclosure is a local action that must be brought in the county where the property is located, Tucker v. Lake, 67 N.H. 193 (1892), Giroux did not seek to enjoin a proposed foreclosure in the prior action. Thus, she could have brought claims for declaratory relief challenging the validity of the mortgage as a transitory claim in Belknap County together with her claims challenging the note.

reserving other claims for a later action in another county.  As the Second Restatement of Judgments recognizes, when a plaintiff elects to proceed "in a court which has jurisdiction to redress an invasion of a certain interest of the plaintiff, but not another . . . [t]he plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim." Restatement (Second) Judgments, § 24 cmt.g (1982); see also 18 Charles G. Wright & Arthur R. Miller, Federal Practice and Procedure § 4412 (2d ed. 2002).

   Giroux has provided no good reason why she did not initially bring suit in Merrimack County, where her home was located and where she was then living.  Because she clearly could have brought all of her claims in such an action, she cannot avoid res judicata by arguing that her decision to proceed in Belknap County prevented her from being able to present her challenges to the mortgage in that action.

   All of Giroux's current claims involve matters that have actually been decided or that could have been litigated in the Belknap County action.  See Sleeper, 157 N.H. at 533.  The initial suit involved the same parties and the same cause of action.  It was decided on the merits by the Belknap County Superior Court and the trial court's rulings were affirmed by

the New Hampshire Supreme Court. Accordingly, all of the current claims are barred by res judicata.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, I grant the defendants' motion to dismiss. Doc. No. 5.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 16, 2014

cc: Michael J. DiCola, Esq.
Thomas J. Pappas, Esq.
Gary M. Burt, Esq.